FIDELITY & COLUMBIA TRUST CO., EXECUTOR, ESTATE OF JAMES A. SHUTTLEWORTH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40672.    Promulgated July 3, 1930.

*William Marshall Bullitt, Esq.*, for the petitioner.
*L. S. Pendleton, Esq.*, for the respondent.

OPINION.

TRAMMELL: The deficiency notice of the respondent included in addition to Trust No. 2629, Trust No. 2700 and Trust No. 2701, having assets of a value of $153,530.63 and $152,553.13, respectively, as a part of the decedent's gross estate. In the petition there were no allegations of fact relating to these two trusts and the testimony contained no reference thereto. While there is testimony that the decedent during his lifetime took approximately $300,000 from Trust No. 2629, the testimony does not indicate that Trusts Nos. 2700 and 2701 here involved included any property or securities which had been included in the original trust or the income therefrom. This is left for inference. It may be true and it may not. If it were a fact the petitioners' testimony should have disclosed it.

The respondent has determined that the assets included in Trusts Nos. 2700 and 2701 should be included in the decedent's gross estate. The determination of the respondent is prima facie correct and will be taken by us as correct unless evidence is introduced by the petitioner to show that this action is incorrect. In the absence of evidence on this question, we affirm the action of the respondent with respect to Trusts Nos. 2700 and 2701.

With respect to Trust No. 2629, it appears that this trust at the time of decedent's death included $272,175.87 representing the investment of the income of the original trust. This income had previously been credited to an income account for Mrs. Shuttleworth. Under the provisions of the trust the net income therefrom was to be paid to Mrs. Shuttleworth in quarterly, semiannual or annual installments, as she might prefer, or, at her option, it might have been invested and added to the principal as collected. There was no evidence that Mrs. Shuttleworth exercised her option to have the income invested and added to the principal as collected. On the other hand, in the absence of such an election on her part, the income was in fact credited to her and that part which she did not use was invested and added to the principal not as collected as provided in the second

paragraph of the trust set out in our findings, but as it accumulated and as she did not use it. This income was treated by Mrs. Shuttleworth as her own and she paid income tax thereon during all the years since the Revenue Act of 1913, the officers of the trust having prepared these returns for her.

If the income from the trust once became the property of Mrs. Shuttleworth it did not become the property of the trust to be included in the gross estate of the decedent, nor would the creator of the trust have had a right to withdraw any portion of this accumulated income or investments therefrom. The creator of the trust apparently considered that the investments of the income belonged to the trust and, acting upon that assumption, apparently removed from the trust a portion of the securities purchased with the income. On this question the evidence, however, is not clear whether the amount taken from the original trust was in fact the income, or investments thereof, or a portion of the original principal. On the other hand, the income had already been credited to the income account of Mrs. Shuttleworth and made subject to her disposition and, considering it as her own, she used what she needed of it and the balance not actually used was invested.

The record discloses that the trust had received no written communication from Mrs. Shuttleworth that she had exercised her option to have the income reinvested in accordance with the second paragraph of the trust, but, on the contrary, she had, with the knowledge of the decedent, the creator of the trust, since 1905 permitted the trust to credit to her account the income. The income having been credited to her and made subject to her disposal and use, under the terms of the trust it became hers and when the trust invested the income in other securities it was investing the property of Mrs. Shuttleworth. The fact that it was commingled with and treated as a part of the trust does not deprive her of the ownership thereof. She had the option either to receive the income or to permit it to be reinvested and added to the principal of the trust as collected, but when she permitted it first to come to her before being invested as above stated, it became hers and the investment thereof was her investment.

We think, therefore, that the amount of $272,175.87 which was included in Trust No. 2629 at the time of the decedent's death should not be considered a part of the decedent's estate.

No question is raised by the petitioner that the property included in the original trust was properly included by the respondent in the decedent's gross estate on account of the reserved rights of the decedent in the trust.

*Judgment will be entered under Rule 50.*